UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| CARLOS COLDON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:21-CV-096-RLJ-SKL |
|  | ) |  |
| LEE DOTSON, VASHTI MCKINNEY, | ) |  |
| CENTURION OF TENNESSEE, | ) |  |
| KATHERINE CAMPBELL, DR. EMMA | ) |  |
| RICH, BLEDSOE COUNTY | ) |  |
| CORRECTIONAL COMPLEX, SGT. | ) |  |
| COTY HOLLAND, UNIT MANAGER | ) |  |
| GREG HALE, AWT BRETT COBBLE, | ) |  |
| KENNY ROGERS, DELCIE | ) |  |
| WHITEAKER, SGT. RAY | ) |  |
| WORTHINGTON, COUNSELOR | ) |  |
| LATASHA TAYLOR, SGT. TRACY | ) |  |
| LEWIS, C.C.O. KIMBERLY CLARK, and | ) |  |
| JOHN AND JANE DOE, | ) |  |
|  | ) |  |
| Defendants.[1] | ) |  |

## **MEMORANDUM & ORDER**

The Court is in receipt of a prisoner's pro se complaint for violation of 42 U.S.C. § 1983 in which Plaintiff, who is confined to a wheelchair, seeks to assert claims arising out of various incidents during his incarceration, including his inability to obtain certain accommodations for his disabilities [Doc. 2], and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] will be **GRANTED** and Plaintiff shall have fifteen days from the date of entry of this order to file an amended complaint.

---

[1] The Clerk listed the Tennessee Department of Correction ("TDOC") as a Defendant on the Court's docket sheet. However, it is apparent from the complaint [Doc. 2 p. 1, 6–10] that Plaintiff listed TDOC only as the employer of several individual Defendants. Accordingly, the Court does not include TDOC as a Defendant in this action.

I.  **FILING FEE**

As it appears from his motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff is unable to pay the filing fee in this action, this motion will be **GRANTED**.

Because Plaintiff is a TDOC prisoner, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Suite 200, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at Plaintiff's current institution, the Attorney General for the State of Tennessee, and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

II. **COMPLAINT**

   A. **Standard**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious,

fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The dismissal standard articulated by the Supreme Court in and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

### A. Analysis

Plaintiff's complaint is fifty-nine pages long [Doc. 2], and the substantive portion of the complaint includes pages of handwritten narrative interspersed with grievances, TDOC policies, and other forms [*Id.* at 11–59]. However, while Plaintiff named a number of individuals and entities as Defendants [*Id.* at 1, 6–10], Plaintiff does not state which claims he asserts against which Defendants, and this information is not always clear from the complaint [*Id.* at 11–59].

Accordingly, the Court will allow Plaintiff fifteen (15) days from the date of entry of this memorandum and order to file an amended complaint with a short and plain statement of facts setting forth each event he alleges violated his constitutional rights in separately numbered paragraphs. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (providing that district courts may allow prisoner plaintiffs to amend their complaints). For each alleged constitutional

violation, Plaintiff shall specify: (1) the approximate date of the incident; (2) the approximate date on which he resolved his grievance addressing the incident; (3) what, if any, injury he incurred as a result of the incident; and (4) the Defendant(s) responsible for the incident.[2]

## III.   CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth in the accompanying memorandum opinion;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, the Attorney General for the State of Tennessee, and the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff has fifteen (15) days from the date of entry of this order to file an amended complaint in the manner set forth above;

7. Plaintiff is **NOTIFIED** that any amended complaint Plaintiff files will completely replace the previous complaint;

8. Plaintiff is also **NOTIFIED** that if he fails to timely comply with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

9. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

---

[2] Plaintiff is **NOTIFIED** that the Court may only address the merits of claims that relate back to Plaintiff's original complaint under Rule 15 of the Federal Rules of Civil Procedure. Accordingly, Plaintiff **SHALL NOT** attempt to set forth any claims in this amended complaint which were not set forth in his original complaint or do not otherwise relate back under Rule 15, as any such claims may be **DISMISSED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan<br>United States District Judge