UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| CARLOS COLDON, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:21-CV-096-RLJ-SKL |
| | ) | | |
| LEE DOTSON, VASHTI MCKINNEY, | ) | | |
| CENTURION OF TENNESSEE, | ) | | |
| KATHERINE CAMPBELL, DR. EMMA | ) | | |
| RICH, BLEDSOE COUNTY | ) | | |
| CORRECTIONAL COMPLEX, SGT. | ) | | |
| COTY HOLLAND, UNIT MANAGER | ) | | |
| GREG HALE, AWT BRETT COBBLE, | ) | | |
| KENNY ROGERS, DELCIE | ) | | |
| WHITEAKER, SGT. RAY | ) | | |
| WORTHINGTON, COUNSELOR | ) | | |
| LATASHA TAYLOR, SGT. TRACY | ) | | |
| LEWIS, C.C.O. KIMBERLY CLARK, and | ) | | |
| JOHN AND JANE DOE, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION

This is a prisoner's pro se complaint for violation of 42 U.S.C. § 1983. On July 6, 2021, the Court entered an order providing that Plaintiff would have fifteen days to file an amended complaint and notifying him that if he failed to timely do so, this action would be dismissed [Doc. 7 p. 4]. Then, on July 22, 2021, Plaintiff filed a motion to extend the deadline to file his amended complaint [Doc. 8], and on July 23, 2021, the Court entered an order granting that motion and providing Plaintiff up to and including August 8, 2021, to do so [Doc. 9]. However, Plaintiff has not filed his amended complaint, and his time for doing so has passed. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure, which gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Fed. R. Civ. P. 41(b). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely file an amended complaint was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's order granting him an extension of time to file his amended complaint but chose not to comply or otherwise communicate with the Court. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants, as they have not been served. As to the third factor, as noted above, the Court's initial order allowing Plaintiff to file an amended complaint warned Plaintiff that failure to timely comply therewith would result in dismissal of this action [Doc. 7 p. 4] and, while Plaintiff indicated his knowledge of that warning by filing his motion for extension of time to file his amended complaint, he then did not comply with the extended deadline the Court granted him. Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff is proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no

cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's orders, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, this action will be **DISMISSED with prejudice** for want of prosecution pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

ENTER:

s/ Leon Jordan
United States District Judge